**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EUNICE ESPARZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 CV 5406 |
| ) | |
| COSTCO WHOLESALE CORPORATION ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff, Eunice Esparza, is suing Defendant, Costco Wholesale Corporations ("Costco") alleging national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ("Title VII"). Costco has denied and continues to deny that Esparza's claims have any merit; however, presently before us are two motions that arise due to Esparza's 2010 bankruptcy filings. In its first motion, Costco seeks to amend its affirmative defenses to include: "Plaintiff's claim may be barred in whole or in part by the doctrine of judicial estoppel." (Mot. to Amend ¶ 14.) In its second motion, Costco argues summary judgment is proper because, due to Esparza's failure to list this cause of action as an asset during her bankruptcy proceeding, her claims are barred by the doctrine of judicial estoppel, or in the alternative, should be dismissed for lack of standing.

-1-

## II. BACKGROUND

Esparza is a former employee of Costco, a worldwide operator of membership warehouses. (Def. 56.1 Stat. ¶¶ 1, 2.) She was hired by Costco in August 2007, and terminated in November 2007. Costco alleges that she was terminated for serious misconduct, but Esparza disputes this assertion. (*Id.* at ¶¶ 4, 5.)

On April 1, 2008, Esparza filed charges of discrimination with the Illinois Department of Human Rights, alleging discrimination on the basis of ancestry; the charge was cross filed with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 6.) The EEOC issued a right to sue letter on May 28, 2010. (*Id.* ¶ 7.) Plaintiff filed this complaint on August 26, 2010 alleging that Costco engaged in a "pattern and practice of national origin-based discrimination" against her during her employment, and that she was discharged "as part of Defendant's surreptitious program of harassment and discrimination toward Plaintiff." (Compl. ¶¶ 5, 10.)

On June 17, 2010, Esparza filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. (Def. 56.1 Stat. Ex. 1.) Esparza electronically signed the petition, declaring "under penalty of perjury" that the answers contained in the petition and its attached documents are true and correct. (*Id.* at 28.) On Schedule B of the petition, directing Esparza to identify "all contingent and unliquidated claims of every nature . . . ," she marked "none." (*Id.* at 12, ¶ 21.) Also, on the Statement of Financial Affairs, which directed her to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing," she listed only a mortgage foreclosure claim. (*Id.* at 26, ¶ 4.) Esparza did not include her charge of discrimination or the existence of the claims she now asserts against Costco on either of these forms.

Esparza voluntarily converted her bankruptcy case to a case under Chapter 7 on November 23, 2010. (Def. 56.1 Stat. Ex. 2.) She did not alter her disclosures at that time. On February 23, 2011, the Bankruptcy Court issued an order discharging Esparza's unsecured debts. (Def. 56.1 Stat. Ex. 3.) The Bankruptcy Court closed the case and discharged the trustee on February 28, 2011. (Def. 56. Stat. Ex. 4.)

At no time prior to the discharge of her debts did Esparza ever disclose to the Bankruptcy Court, the Trustee, or her creditors any of the claims that she now asserts against Costco. However, on June 17, 2011, Esparza filed an Amended Statement of Financial affairs with the Bankruptcy Court. (Dkt. No. 39, Resp. at 2.) The amended statement includes Esparza's employment discrimination claim against Costco, indicating that the claim is currently pending motion for summary judgment. (*Id*. at 3, ¶ 4.)

### III. MOTION TO AMEND AFFIRMATIVE DEFENSES

"The district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially." *Jackson v. Rockford Housing Auth.*., 213 F.3d 389, 392 (7th Cir. 2000) (citing Fed. R. Civ. P. 15(a)). Rule 15(a) states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Costco filed its Answer and Affirmative Defenses on January 4, 2011; at that time it was unaware of Esparza's bankruptcy proceedings pending in the bankruptcy court.[1] Costco became aware of the bankruptcy on January 27, 2011, when Esparza mentioned it during a status hearing in open court. On April 14, 2011, Costco informed the court that it intended to file a dispositive

---

[1] Costco asserts that it was unaware of the bankruptcy proceeding because the Bankruptcy Court originally misspelled Plaintiff's last name on the docket: Plaintiff was listed as "Eunice Esparaza," instead of "Eunice Esparza."

motion based on Esparza's failure to disclose her claims in this action to the Bankruptcy Court; the motion to amend was filed June 2, 2011. Based on this short time line, we do not believe that Costco unduly delayed its filing. Nor do we find any bad faith or dilatory motive in Costco's actions. As this motion is based on a fact unknown to Costco at the time of its filing and Costco has offered a legitimate reason for its failure to include the affirmative defense in its original answer, we find that justice requires leave to amend and grant Costco's motion.

## IV. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). This standard places the initial burden on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations omitted). Once the moving party meets this burden of production, the nonmoving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id.*; Fed. R. Civ. P. 56©. In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all reasonable inferences in that party's favor. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

### B. Analysis

Standing arguments are jurisdictional in nature *See Lewis v. Casey*, 518 U.S. 343, 349

n.1, 116 S. Ct. 2174, 2179 n.1 (1996). If Esparza does not have an interest in this claim she is merely an interloper, trying to prosecute a claim that belongs to her estate in bankruptcy. Therefore, "[t]he threshold issue is not whether to apply an estoppel [theory] but whether [Plaintiff] is the real party in interest." *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006).

### i. Standing

Standing determines the power of the court to entertain the suit. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205 (1975). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id*. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). Standing is typically challenged as a jurisdictional matter pursuant to Federal Rule of Civil Procedure 12(b)(1); however, because standing goes to the power of the courts, it can be addressed at any time. *See* Fed. R. Civ. Pro. 12(h)(3). Furthermore, "standing must be present at all stages of the litigation." *Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010).

Costco argues that summary judgment should be entered in its favor because Esparza lacks standing to bring this lawsuit as the claim is the property of her bankruptcy estate. "When a bankruptcy petition is filed, virtually all property of the debtor at that time becomes property of the bankruptcy estate." *Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). Moreover, § 541 of the Bankruptcy Code defines "property" broadly to include all of the debtor's interests, legal and equitable. *Id*. (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–05 and nn. 8,

9, 103 S. Ct. 2309, 2313 and nn. 8, 9 (1983)); 11 U.S.C. § 541. "Although a cause of action is perhaps not 'personal property' in the usual sense, the definition in the Bankruptcy Code of property belonging to the debtor's estate . . . has uniformly been interpreted to include causes of action." *In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000). Therefore, once plaintiff files for Chapter 7 bankruptcy, only the bankruptcy trustee has the capacity to sue and be sued. *See Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) (citing *In Re New Era, Inc*, 135 F.3d 1206, 1209 (7th Cir. 1998)). Any difference between Chapter 7 and Chapter 13 Bankruptcy is immaterial as it is undisputed that Esparza voluntarily filed for Chapter 7 bankruptcy on November 23, 2010. (Def. 56.1 Stat. Ex. 2.) At that time, the Trustee became the true owner of the claim, and Esparza gave up her right to sue on this matter.

It does not matter that this suit was filed after the initial bankruptcy filing. As the Seventh Circuit has explained, "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *Matter of Yonikus*, 996 F.2d at 869; *see also Davis v. Village of Caseyville*, No. 05-cv-0455, 2007 WL 551584 at *3 (S.D. Ill. Feb 20, 2007) (barring claim because plaintiff did not amend his bankruptcy filings when he instituted a legal action five years after filing for bankruptcy, but while the case was still pending). Here, Esparza filed her charge of discrimination two years prior to her original bankruptcy petition; the EEOC sent her a right to sue letter three weeks prior to the petition, and she brought this action in the District Court only two month after filing for bankruptcy. Furthermore, this action was officially pending at the time that Esparza voluntarily changed her bankruptcy to a Chapter 7 proceeding. Therefore, there is no question that this cause of action is property as defined by the Bankruptcy Code and became part of her bankruptcy estate. As such,

and assuming the bankruptcy estate has not abandoned its claim on the suit, Esparza lacks standing to bring the case, and we dismiss the action.

### ii. *Judicial Estoppel*

To avoid dismissal for lack of standing, Esparza would have to show that the Trustee of her estate abandoned its claim to any assets that may arise from this suit. As mentioned above, it is plaintiff's burden to establish standing. *Lee*, 330 F.3d at 468. Esparza states in an affidavit that the Trustee has no interest in pursuing this litigation. (Dkt. No. 41, Aff. of Eunice Esparza ¶ 6.) While, due to the state of Esparza's filings, it is not clear whether her bankruptcy trustee actually abandoned its claim, we nonetheless address judicial estoppel here for the sake of completeness, because "if the estate (through the trustee) abandons the claim, then the creditors no longer have an interest, and with the claim in the debtor's hands the possibility of judicial estoppel comes to the fore." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

Judicial estoppel is an equitable doctrine that "prevents a party from adopting a position in a legal proceeding contrary to a position successfully argued in an earlier legal proceeding." *Johnson v. ExxonMobil Corp.*, 426 F.3d 887 (7th Cir. 2005). "Plenty of authority supports the . . . conclusion that a debtor in bankruptcy who receives a discharge (and thus a personal financial benefit) by representing that he has no valuable choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim." *Biekek*, 440 F.3d at 412 (listing cases); *see also Cannon-Stokes,* 453 F.3d at 448 ("[A] debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." (internal citations omitted)). Here, Esparza filed for bankruptcy, failed to inform the Bankruptcy Court, the Trustee, or her creditors of the claims she

is asserting in this case, and obtained a discharge of her debts based on the incomplete information she provided under oath to the Bankruptcy Court. Therefore, she is judicially estopped from recovering on this supposedly nonexistent claim.

While Esparza's attempt to re-open the bankruptcy, and hence notify her creditors of this claim, makes this case different than the one before the Seventh Circuit in *Cannon-Stokes*, it does not save it. Importantly, Esparza did not attempt to amend her disclosures until after Costco filed for summary judgment.[2] Most courts have found that judicial estoppel bars previously undisclosed claims, whether or not plaintiff attempts to amend the filings. *See e.g., Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1157–58 (10th Cir. 2007); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 321 (3rd Cir. 2003) ("The bankruptcy rules were clearly not intended to encourage this kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered."); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing [Plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets."); *but see Dunmore v. U.S.*, 358 F.3d 1107, 1113 (9th Cir. 2004) (finding that reopening the bankruptcy proceeding was a "permissible alternative to judicial estoppel that prevented [Plaintiff] from deriving an unfair

---

[2] Despite some questions raised in the briefs, there is no factual dispute that Esparza attempted to re-open her bankruptcy case after June 2, 2011, the date on which Costco filed its Motion for Summary Judgment.

advantage if not estopped"). Moreover, other district courts in this Circuit have agreed that judicial estoppel should be applied despite subsequent attempts to reopen bankruptcy proceedings. *See e.g., Smith v. Am. Gen. Life Inc. Co.*, 544 F. Supp. 2d 732, 734 (C.D. Ill. 2008); *Wiggens et al. v. Citizen Gas & Cole Util.*, No. 03-cv-1882, 2008 WL 4530679 at *3 (N.D. Ind. Oct. 7, 2008); *Bland v. Rahar*, No. 09-cv-3072, 2008 WL 109388 at *3 (C.D. Ill. Jan. 9, 2008). We agree with these courts that allowing Esparza to avoid the consequences of her deception by amending her filings only after being caught would diminish the incentive to provide truthful disclosures to the bankruptcy court, and we will not take her amendment into consideration.

Esparza may argue that this harsh result should not be applied to her because she did not intentionally deceive the court. Some courts are indeed sympathetic to the view that judicial estoppel should not apply if the omission was inadvertent or mistaken. *See e.g., Eastman*, 493 F.3d at 1157; *In re Superior Crewboat, Inc.*, 374 F.3d 330, 334–35 (5th Cir. 2004).[3] However, we do not believe that Esparza's omission was either inadvertent or mistaken. "[C]ourts . . . have deemed such failure inadvertent or mistaken 'only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" *Eastman*, 493 F.3d at 1157 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999); *accord Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002); *Barger v. City of Cartersville*, 348 F.3d 1289, 1294 (11th Cir. 2003)). Esparza had a motive to conceal because she sought to receive the benefit of the discharge of her debt. She also knew of all relevant facts at the time she filed for bankruptcy: she was terminated nearly three years before she filed for bankruptcy, she filed her

---

[3] The Seventh Circuit, albeit in an unpublished opinion, has implied that a plaintiff's subjective intent does not matter when it fails to disclose an asset during bankruptcy. *Becker v. Verizon North, Inc.*, 2007 WL 1224039 at *1 (7th Cir. April 25, 2007).

charge of discrimination two years before filing for bankruptcy, and she received her right to sue later merely three weeks before filing. These facts undermine any argument that she was unaware of the claim. *See In re Envirodyne Indus., Inc.,* 183 B.R. 812, 821 n.17 (Bankr. N.D. Ill. 1995) ("[D]ebtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information (i.e. the material facts) prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed.")

Finally, Esparza's purported reliance on poor legal advice does not preclude judicial estoppel. The Seventh Circuit in *Cannon-Stokes*, facing very similar facts, clearly stated that "bad legal advice does not relieve the client of the consequences of her own acts." 453 F.3d at 449. Nor has Esparza cited any law that would allow her to skirt the consequences of her actions by alleging that prescription drugs reduced her intellectual acuity. (*See* Dkt. No. 44, Letter Titled: "Extra Ordinary Circumstances Warranting Invocation of the Doctrine of Equitable Tolling.") Regardless of advice or drug reliance, Esparza herself made the decisions and will be held accountable for them.

## V.  OTHER MOTIONS FILED BY ESPARZA

Esparza's other pending motions are denied. At various times during the pendency of this motion for summary judgment, Esparza has moved: (1) to reconsider motion for appointment of counsel, (Dkt. No. 28, Mot. to Reconsider), (2) to amend her claim to add a HIPPA violation, (Dkt. No. 46, Undated Letter), and (3) to amend her claim to add breach of contract, (Dkt. No. 51, Undated Letter).

The motion to reconsider appointment of counsel is denied. As a threshold matter, we must consider the merits of Esparza's claim, and as the Seventh Circuit recognized, if "plaintiff doesn't even have a colorable claim . . . there is no need to worry about counsel." *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993). For the reasons set forth above, Esparza does not have a claim on which she can recover. Thus the presence of counsel would not make a difference, and we will not appoint one at this time. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Esparza's motion to amend her claim to add a HIPPA violation is denied. The circumstances surrounding this alleged claim are unclear. Without any guidance from the parties, we will assume that the claim arises from her employment at Costco or, minimally, during the same time period. Based on this assumption, the cause of action would be dismissed for the same reason as the discrimination claim discussed above. If, however, the claim is unrelated to her employment at Costco, we deny her motion for being unduly delayed and futile. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) ("[T]he district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile."). Esparza's letter requesting leave was filed 14 months after her initial complaint, and she provides no reason for the delay. Further, there are no supporting facts or information that indicate the claim would survive a motion to dismiss.

Esparza also seeks leave to amend her claim to add breach of contract as a cause of action. As this claim appears to be directly tied to the alleged discrimination, it would fall for the same reasons as the original claim. It also fails for undue delay, as it was submitted nearly

15 months after the original complaint and no reason was provided for the delay. Esparza's motions are denied.

## VI. CONCLUSION

For the foregoing reasons, we grant Costco's motion to amend its affirmative defenses as well as its subsequent motion for summary judgment. We furthermore deny Esparza's motion to reconsider and motions to amend. This case is terminated. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: December 28, 2011